UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TIMOTHY BELL,            )
   Plaintiff,            )
                         )
vs.                      )     No. 15-4134
                         )
ALTHEA K. WELSH and      )
DANIEL T. COYNE,         )
   Defendants            )

OPINION

    Plaintiff is detained in the Rushville Treatment and Detention Center and seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the allegations state a federal claim for relief.

    The Plaintiff has identified two Defendants including Attorney Althea K. Welsh, the senior attorney for the Illinois Attorney Registration and Disciplinary Commission (ARDC), and Attorney Daniel T. Coyne.

    Plaintiff says he filed a petition for relief from judgment in an unspecified case in an unspecified court, and Attorney Coyne was appointed to represent him. The Plaintiff further does not provide any specific time frames for his allegation. This Court is unable to find any pending lawsuit in the Seventh Circuit in which Attorney Coyne represents the Plaintiff.

1

However, the Plaintiff has previously sued Attorney Coyne and State Court Judge Thomas Gainer in the Northern District of Illinois. *See Bell v Gainer*, Case No. 10-7612. The Plaintiff alleged the two Defendants violated his constitutional rights during on-going hearings pursuant to the Sexually Violent Persons Act in state court. *See* 725 ILCS 207/1 *et.seq.* Plaintiff's case was dismissed. The Plaintiff did not file a motion for relief from judgment in this case, but did file an appeal which was denied.

The Plaintiff is again unhappy with the representation he has received from Attorney Coyle. Plaintiff says the Attorney refused to argue his petition for relief from judgment and claimed Plaintiff did not have legal support for his petition. Plaintiff says he tried to have Attorney Coyle removed, but the presiding judge refused his request because "Mr. Coyne provided the federal court with false information about (the Plaintiff)." (Comp., p. 2). Plaintiff again provides no further information concerning this claim.

The Plaintiff filed several complaints with the ARDC concerning Attorney Coyne, but Defendant Welsh refused to investigate and "conspired with Mr. Coyne and reached the conclusion that it was Bell that withdrew his pro-se file petition for relief from judgment." (Comp, p. 2). Plaintiff further claims Attorney Coyne is still conspiring with the state prosecutor to conceal his "wrongful detention." (Comp., p. 3) The Plaintiff is seeking damages and a court order directing ARDC Attorney Welsh to investigate his claims as well as an order directing Attorney Coyne to withdraw from his case.

The Plaintiff provides few specific facts in support of his claims, but he has failed to allege a violation of his constitutional rights. For instance, the Plaintiff does not have a constitutional right to have the ARDC investigate or agree with his complaints concerning an attorney. In addition, Plaintiff has failed to clearly allege how Attorney Coyne violated his

constitutional rights.  Furthermore, Plaintiff must address any concerns about his representation with the presiding judge in the specific case in which Attorney Coyne represents him.  In addition, since Plaintiff states he has filed complaints with the ARDC, his claims against Attorney Coyle are based on legal malpractice, and the Federal Court does not have jurisdiction over these claims even if the attorney was representing him in Federal Court. *See Higbee v. Malleris*, 470 F.Supp.2d 845, 850 (N.D.Ill. Jan. 16, 2007)(numerous cases reject "assertions that attorney malpractice and/or other state law actions concerning underlying federal litigation could properly be removed to, or litigated in, federal court under the 'arising under' or 'federal question' grant of subject matter jurisdiction.").  The Court finds any amendments to the complaint would be futile since the Plaintiff has not articulated a constitutional violation and this Court would not have jurisdiction over any intended claim based on attorney malpractice.  Furthermore, the court will not transfer this case to the state court since Plaintiff has not clearly articulated any claim against Defendant Coyne.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to

appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

    5)    **The clerk is directed to record Plaintiff's strike in the three-strike log.**

    6)    **Plaintiff's motion for leave to proceed in forma pauperis is denied. [3]**

Entered this 19th day of November, 2015.


                                       s/ James E. Shadid
                          _____
                                      JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE